UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMBER J. CRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-01078-CAS |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT WITH MEMORANDUM IN SUPPORT**

Now comes Plaintiff, Amber J. Cramer, by and through the undersigned counsel, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and respectfully seeks alteration and/or amendment to the judgment that was entered in favor of Defendant, Bay Area Credit Services, LLC, on October 15, 2019, *see* Judgment and Order of Dismissal [Doc. # 101], specific to Plaintiff's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

As more fully set forth in the *Memorandum in Support* which is attached hereto and incorporated herein by reference, the relief sought herein is necessary to correct several manifest errors of law and/or fact as to Plaintiff's claims under 15 U.S.C. § 1681s-2(b). Accordingly, Plaintiff respectfully asks this Court to alter and/or amend its Judgment, and to reinstate Plaintiff's FCRA claims in their entirety.

1

Dated: November 12, 2019	Respectfully submitted,

  /s/ *Sylvia A. Goldsmith*
Sylvia A. Goldsmith (#0064871)
**GOLDSMITH LAW OFFICE**
Park West Building
20545 Center Ridge Road, Suite 415
Rocky River, OH 44116
Telephone: 440-934-3025
Facsimile:  440-934-3026
Email: goldsmith@goldsmithlawyers.com

Robert T. Healey (EDMO # 34138MO)
**HEALEY LAW, LLC**
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone: 314 401-3261
Facsimile:  636 590-2882
Email: bob@healeylawllc.com

*Attorneys for Plaintiff,*
*Amber J. Cramer*

2

**MEMORANDUM IN SUPPORT**

I.        **INTRODUCTION AND SUMMARY OF ARGUMENT.**

On October 15, 2019, this Court entered Judgment in favor of Defendant, Bay Area Credit Services, LLC ("Bay Area"), on Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq. See* Judgment and Order of Dismissal [Doc. # 101]. Doing so represents a manifest error of law and/or fact necessitating correction on multiple levels.

First, the Court concluded that Defendant did not negligently violate the FCRA because "[p]lacing a dispute flag on the debt evidences that Bay Area performed a reasonable investigation and complied with the requirements of the FCRA." *See* Memorandum and Order [Doc. # 100] at 17. To reach this conclusion, the Court improperly weighed facts and evidence, drew several incorrect inferences and conclusions in Defendant's favor, and usurped the ultimate factual question at issue here, *i.e.*, whether Defendant performed a "reasonable investigation" of Plaintiff's dispute, all in violation of the appropriate summary judgment standard. Failure to apply the appropriate standard of review is sufficient grounds to grant a motion under Civil Rule 59(e). *See, e.g., Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("it is a clear error of law to not apply controlling Supreme Court precedent"); *Jubilee v. Horn*, 959 F. Supp. 276, 278-80 (E.D. Pa. 1997) (reversing judgment upon reconsideration where original determination was made without drawing inferences in favor of the nonmoving party).

Second, in granting summary judgment to Defendant on Plaintiff's negligence claim, the Court also determined that Defendant's cursory action in this instance was sufficiently "reasonable" because there is no authority for a finding of negligence "under the FCRA when a furnisher promptly modified the debt on the plaintiff's credit report[.]" *See* Memorandum and Order [Doc. # 100] at 17. Such determination is incorrect and, in fact, contradicts both regulatory

1

and judicial authority to the contrary that states that, even if a furnisher deletes or modifies a disputed item, it fails to comply with 15 U.S.C. 1681s-2(b) absent a meaningful, substantive investigation of such dispute. *See* Consumer Financial Protection Bureau (CFPB) Bulletin 2014-01 (courtesy copy attached as Exhibit 1); *Hall v. Bay Area Credit Service*, unreported, Case No. 4:17-CV-502-A (N.D. Tx. September 15, 2017) (courtesy copy attached as Exhibit 2) ("§ 1681s-2(b) requires a debt collector take more action than just placing the account in dispute status.  It requires that the debt collector, among other things, conduct an investigation into the merits of the dispute[.]").

Finally, the Court summarily dismissed Plaintiff's claim for a willful violation of 15 U.S.C. § 1681s-2(b) finding that "Plaintiff has not produced any evidence suggesting Bay Area acted with a 'conscious disregard' of her rights under the FCRA." *See* Memorandum and Order [Doc. # 100] at 16. In this regard, the Court applied the wrong standard for willfulness:  Plaintiff need only show that Defendant's conduct was *reckless* in order to establish a willful violation of the FCRA.  *See Safeco Ins. Co. of Amer. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007) ("reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)").

Each of the foregoing errors, compounded by the totality of all three, demonstrates manifest error sufficient to justify an alteration or amendment to the judgment.  Plaintiff's FCRA claims should be reinstated in their entirety.

## II.     LEGAL STANDARD.

Civil Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). This provision was added to the Federal Rules of Civil Procedure to "'mak[e] clear that the district court possesses the power' to

rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). As this Court has commented:

> Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence," *Innovative Home Health Care [Inc. v. P.T.-O.T. Assocs. of Black Hills]*, 141 F.3d 1284, 1286 (8th Cir. 1998)], and provide "litigants with a narrowly constrained opportunity to do so.

*See Baranski v. United States*, unreported, Case No. 4:11-CV-123-CAS (E.D. Mo., July 19, 2016) (courtesy copy attached as Exhibit 3).

The Court has broad discretion to alter or amend a judgment under Rule 59(e). *Innovative Home Health Care, supra*, 141 F.3d at 1286. Civil Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Baranski, supra* (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (9th Cir. 2006)).

### III. THE PERTINENT AND UNDISPUTED RECORD EVIDENCE CONFIRMS THAT DEFENDANT CONDUCTED NO INVESTIGATION OF PLAINTIFF'S SUBSTANTIVE DISPUTE.

Plaintiff is a victim of identity theft. At no point has she ever owed any money to any entity for medical treatment or services rendered at or near a St. Louis University Hospital, *i.e.* St. Alexius Hospital, on or around December 23, 2016.

Beginning on September 21, 2017, Defendant began reporting to the three national consumer reporting agencies ("CRAs") that Plaintiff owed a specific debt in the amount of $792 which arose from medical treatment or services provided by American Medical Response at St. Alexius Hospital on or around December 23, 2016. *See* Plaintiff's Statement of Contravening and Additional Material Facts ("PSOF") [Doc. # 95] at ¶ 66.

By letter dated November 8, 2017, Plaintiff lodged a formal written dispute with the CRAs

3

specific to the "Bay Area Credit Service" debt in the amount of $792 appearing on Plaintiff's credit report. PSOF at ¶ 77. Plaintiff's dispute centered on the fact that this debt was the result of fraud; Plaintiff expressly advised that "a woman posing as me sought medical treatment for a drug overdose on 12/23/2016. She provided St. Alexius Hospital with my name, my birth date, and my SSN. I do not know how she obtained my personal information." *Id.* Plaintiff's dispute provided full identifying information for Plaintiff with proof of same, as well as supporting documentation including, *inter alia*, a police report, an FTC ID Theft Affidavit, and time records from Plaintiff's employer, the United States Postal Service, showing Plaintiff was clocked in at work the entirety of the day when the medical treatment and/or services were rendered. *Id.* at ¶ 78.

Defendant received Plaintiff's dispute, including all of the forty-some pages of supporting documentation, from at least one of the CRAs. PSOF at ¶ 79.

In response, Defendant matched the identifying information of the dispute letter with the identifying information in Defendant's records to "match information regarding demographic to see if it is the same[.]" PSOF at ¶ 81.

Defendant admits that no substantive inquiry was done of Plaintiff's dispute that the debt at issue did not belong to her because of identity theft or fraud. PSOF at ¶ 82. In Defendant's own words, "[w]e have no way to validate whether or not any of this information is correct" so rather than undertake any substantive inquiry or investigation, Defendant merely notes the account as "disputed." *Id.* Thus, the only "modification" made by Defendant was a procedural notation that the account had been disputed. *Id.* at ¶ 85. Defendant affirmed to the credit bureau that the "Disputed Info [is] accurate" and continued to report, with admittedly no review as to Plaintiff's substantive dispute of fraud, that the debt was rightfully belonging to Plaintiff, and seriously past due. *Id.* at ¶ 84.

4

Defendant continued to report to the CRAs that Plaintiff had an "active and owing" past due medical collection account from November 2017 through June 2018. PSOF at ¶¶ 66, 85. Upon receipt of this lawsuit, Defendant instructed all credit bureaus to delete the subject account from Plaintiff's credit report. *Id.* at ¶ 88.

**IV.   ENTRY OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANT ON PLAINTIFF'S FCRA CLAIMS CONSTITUTES MANIFEST ERROR.**

   **A.   Plaintiff's Negligent FCRA Claim Should Not Have Been Summarily Dismissed.**

This Court, in granting judgment to Defendant on Plaintiff's claim for negligent violation of the FCRA, unilaterally concluded, as matter of law, that "[p]lacing a dispute flag on the debt evidences that Bay Area performed a reasonable investigation and complied with the requirements of the FCRA." *See* Memorandum and Order [Doc. # 100] at 17. This conclusion runs afoul of the applicable standard under Civil Rule 56, and contradicts established case law interpreting what constitutes a "reasonable investigation" under 15 U.S.C. §1681s-2(b).

A furnisher's obligation to meaningfully investigate disputes is critical to maintaining the accuracy of information under the FCRA:

> Investigations of disputes are important because they provide a critical check on the accuracy of furnished items. Not only do they prompt a furnisher to reconsider information that a consumer has identified as incorrect, investigation can also help a furnisher identify problems with respect to the general accuracy of the information that it furnishes to CRAs.

CFPB Bulletin 2014-01. For this reason, a furnisher is "obliged to reasonably investigate the substantive accuracy – and not just the mere existence" of disputed information. *Grant v. Direct Gen. Ins. Co.*, 2018 U.S. Dist. LEXIS 221510, 35 (N.D. Ga. 2018) (courtesy copy attached as Exhibit 4). "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion *that the*

5

*information was true* (emphasis added)." *Marchisio v. Carrington Mortgage Serv.*, LLC, 919 F.3d 1288, 1302 (11th Cir. 2019) (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018)).

Only where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party" is summary judgment appropriate. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011). Thus, the question of reasonableness under 15 U.S.C. §1681s-2(b) should be left for the jury "because conduct sufficient to demonstrate that a furnisher engages in a reasonable investigation in one context may be insufficient in another context." *Gray v. Amsher Collection Servs.*, 2019 U.S. Dist. LEXIS 82589 * (D. Maryland, May 15, 2019) (citing *Wood v. Credit One Bank*, 277 F.Supp.3d 821, 851 (E.D. Va. 2017)).

> Whether a furnisher's investigation is determined to be "reasonable" is a fact-specific inquiry considered on a case-by-case basis. "When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial."

*See Ball v. Navient Sols., LLC*, 2018 U.S. Dist. LEXIS 9997 *7 (D. Ala. 2018) (citing *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016) (citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)).

Here, seemingly going out of its way to view the evidence most favorably to Defendant, not Plaintiff as required by Civil Rule 56, the Court explained that "Bay Area investigated the dispute by matching [Plaintiff's] personal identifiers to the information on the debt." *See* Memorandum and Order [Doc. # 100] at 16. This explanation, in and of itself, confirms that what little action Defendant took completely missed the substance of Plaintiff's actual dispute, *i.e.*, that someone other than Plaintiff used her personal identifiers fraudulently to obtain the medical treatment/services at issue. To do nothing more than match those identifiers and mark the file as

6

"disputed" while reporting back to Equifax that the information was "accurate[,]" *see* PSOF ¶¶ 81, 82, exemplifies Defendant's failure to conduct a meaningful inquiry or review of Plaintiff's substantive dispute in violation of 15 U.S.C. §1681s-2(b).

Under virtually identical circumstances, courts have routinely held that such a cursory match of information does *not* constitute a reasonable investigation under 15 U.S.C. §1681s-2(b). For instance, in *Ball, supra*, the furnisher received a dispute of "true identity fraud, account fraudulently opened" with respect to a consumer debt, and argued, like Defendant argues here, that it "reasonably reinvestigated" the dispute even though "the only investigation consisted of checking Plaintiff's ID." *See Ball*, 2018 U.S. Dist. LEXIS at *7.

> Plaintiff claims her identity was stolen, and yet the only process of verification was to confirm whether the social security number, date of birth, and name were hers. There was never an issue that the personal information was incorrect. Rather, the contention was that [an identity thief] used her personal information without her knowledge and consent. The court finds that whether further inquiry was necessary and whether the reinvestigation was reasonable are factual issues best left for the jury.

*See Ball*, *supra*, 2018 U.S. Dist. LEXIS at *11-12.

Likewise, in *Gray*, *supra*, the consumer at one time had a T-Mobile account that was closed, and subsequently two (2) additional accounts were opened fraudulently using the plaintiff's name, date of birth, and Social Security number. *Gray*, *supra*, 2019 U.S. Dist. LEXIS 82589 *2. While the furnisher contacted the original creditor to confirm that the disputed debt was, in fact, due and owing, it failed to undertake an investigation of the consumer's substantive dispute, *i.e.*, that the subject account(s) was not his:

> No evidence exists that Amsher investigated the allegations of fraud. Amsher's investigation instead consisted solely of contacting T-Mobile to confirm that the debt was "due and owing." Such confirmation may have been sufficient to prove the subtotals of the debt and that the settlement on one account -8467 did not resolve the -7782 Account debt, but did not touch on whether [Plaintiff] was the individual who opened or maintained the -7782 Account.

7

*Gray*, *supra*, 2019 U.S. Dist. LEXIS 82589 *8.  The furnisher's failure to investigate the substantive dispute lodged by the consumer "precludes finding that it conducted a reasonable investigation as a matter of law. *Id.* at *9 (citing *Long*, *supra*, 374 F.Supp.3d at 528).

In the instant case, the undisputed record confirms that Defendant received an Automated Consumer Dispute Verification (ACDV) from Equifax stating "CLAIMS TRUE IDENTITY FRAUD – ACCOUNT FRAUDULENTLY OPENED INITIATE INVESTIGATION."  PSOF ¶ 79 at EIS-CRAMER-000231-232.  Defendant also received from Equifax Plaintiff's formal written dispute letter identifying the account being reported by Defendant as belonging to Plaintiff, Plaintiff's specific dispute that she is the victim of fraud with her detailed understanding that "a woman posing as me sought medical treatment for drug overdose on 12/23/2016 [and] provided St. Alexius Hospital with my name, my birth date, and my SSN," and more than forty pages of supporting documentation including a police report and an FTC Identity Theft Report.  PSOF ¶ 78 at BACS 00000163, 168-176, 198-201.  Thus, Defendant cannot (and, in fact, does not) argue that it did not know or misunderstood that Plaintiff's substantive dispute was that she is the victim of fraud.

Nevertheless, the undisputed record also confirms that, as a matter of course, Defendant does not (and did not in this instance) attempt to evaluate or consider the merits of an identity theft dispute such as Plaintiff's.  PSOF at ¶ 82 ("It's not our job to determine did this really happen.").  Instead, Defendant's only action is to match the identifiers and then "note that the consumer has disputed the information."  *Id.*  This undisputed evidence is more than sufficient to lead a rational trier of fact to find in Plaintiff's favor on the subject FCRA claim thereby rendering summary

judgment wholly inappropriate. *See Torgerson*, *supra*, 643 F.3d at 1042-43.[1] For the Court to have concluded otherwise is manifest error necessitating correction.

Finally, the Court resolved the ultimate factual question at issue here determining that Defendant's cursory action in this instance was sufficiently "reasonable" because there is no authority for a finding of negligence "under the FCRA when a furnisher promptly modified the debt on the plaintiff's credit report[.]" *See* Memorandum and Order [Doc. # 100] at 17. This is not correct. First, the Consumer Financial Protection Bureau has cautioned against judging whether a furnisher has fulfilled its obligation to perform a meaningful investigation by the ultimate action taken:

> The CFPB is concerned that, when a furnisher responds to a consumer's dispute, it may, without conducting an investigation, simply direct the consumer reporting agency (CRA) to delete the item it has furnished. * * * [W]hether an investigation is reasonable depends on the circumstances, but furnishers should not assume that simply deleting that item will generally constitute a reasonable investigation.

CFPB Bulletin 2014-1 at 1, 2.

Second, courts have held - in at least one case specifically involving the instant Defendant – that the practice of placing an account in dispute status rather than conducting a

---

[1] Additionally, the FCRA mandates removal "of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of – (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer." 15 U.S.C. § 1681c-2(a). While Section 1681c-2 places the obligation on the CRAs to block such information, courts recognize that under 15 U.S.C. § 1681s-2(b), a "reasonable investigation" of the accuracy of any item disputed by the consumer necessarily requires a furnisher to determine whether that information should be excluded from the report based on the totality of provisions of the FCRA. *See, e.g.*, *Hill v. Ocwen Loan Servicing, LLC*, 369 F.Supp.3d 1324, 1329 (N.D. Ga. 2019) ("The duty to investigate and correct disputed information also includes determining whether a mortgage delinquency should have aged off a consumer report."). Here, it is undisputed that Defendant received as part of Plaintiff's dispute a police report and an FTC ID Theft Affidavit, both of which constitute the necessary "identity theft report" mandating a block of the information disputed by Plaintiff. PSOF ¶ 78. For Defendant to have ignored this information, relying instead solely on a match of identifying information to respond back to Equifax that "Disputed Info accurate," should have precluded a determination that Defendant's investigation was "reasonable" as a matter of law. In fact, to the contrary, courts have determined that such failure, in and of itself, was so *unreasonable* that it warrants summary judgment *in favor of the consumer*. *See Long v. Pendrick Capital Partners II, LLC*, 374 F. Supp. 3d 515, 528-529 (D. Maryland 2019). At a minimum, this further demonstrates that a rational trier of fact could find in Plaintiff's favor on this claim.

meaningful, substantive inquiry into the consumer's specific dispute runs afoul of 15 U.S.C. §1681s-2(b). *See Hall, supra,* at 3 ("§ 1681s-2(b) requires a debt collector take more action than just placing the account in dispute status.  It requires that the debt collector, among other things, conduct an investigation into the merits of the dispute[.]").

Yet that is precisely what Defendant has done here.  The dispute at issue here was that, as a victim of identity theft, Plaintiff was not the individual who received the medical treatment/services reflected by the collection account being reported on Plaintiff's credit report and so, the debt should not be reported as belonging to her. PSOF ¶¶ 78, 79.  Defendant never undertook to consider let alone "investigate" *that dispute*, and simply placed the account in dispute status instead of conducting any sort of meaningful inquiry into Plaintiff's dispute. PSOF ¶ 82.  Thus, it is patently incorrect to conclude that Defendant fulfilled its "reasonable investigation" obligation as a matter of law, and concluding otherwise is not only a manifest error of law and/or fact, but also constitutes a gross miscarriage of justice.

**B.     The Court Applied an Incorrect Standard for Willfulness.**

In summarily dismissing Plaintiff's claim for willful violation of the FCRA, the Court stated "Plaintiff has not produced any evidence suggesting Bay Area acted with a 'conscious disregard' of her rights under the FCRA."  *See* Memorandum and Order [Doc. # 100] at 16. However, the United States Supreme Court has directed that the standard for a willful violation of the FCRA includes not only knowing or intentional violations of the Act's requirements, but also violations in reckless disregard of the law. *Safeco*, *supra*, 127 S.Ct. at 2216. Thus, Plaintiff need only show a "reckless failure" to comply with the FCRA in this instance. *See Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).

10

Here, the undisputed record evidence confirms that Defendant undertook no investigation of Plaintiff's dispute of identity theft, opting instead simply to place the account in dispute status, a decision which resulted in the fraudulent information continuing to be reported as belonging to Plaintiff until after this lawsuit was filed.  PSOF ¶¶66, 85, 88.  A reasonable jury could find Defendant's actions in that regard to be a "reckless failure" with respect to Plaintiff's rights.  Applying the wrong standard in this regard is manifest error warranting amendment and/or alteration of judgment on point.

**V.     CONCLUSION.**

For all the reasons enumerated above, it was a manifest error of law and/or fact to enter Summary Judgment in favor of Defendant on Plaintiff's claims of negligent and willful violations of the FCRA.  Accordingly, that judgment should be altered and/or amended, and Plaintiff's FCRA claim should be reinstated in its entirety.

Dated: November 12, 2019                                    Respectfully submitted,

 /s/ *Sylvia A. Goldsmith*
Sylvia A. Goldsmith (#0064871)
**GOLDSMITH LAW OFFICE**
Park West Building
20545 Center Ridge Road, Suite 415
Rocky River, OH 44116
Telephone: 440-934-3025
Facsimile:  440-934-3026
Email: goldsmith@goldsmithlawyers.com

Robert T. Healey (EDMO # 34138MO)
**HEALEY LAW, LLC**
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone: 314 401-3261
Facsimile:  636 590-2882
Email: bob@healeylawllc.com

*Attorneys for Plaintiff,*
*Amber J. Cramer*

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiff's Rule 59(e) Motion To Alter Or Amend Judgment With Memorandum In Support* is being filed electronically on this 12th day of November, 2019. Notice of this filing will be sent to all parties and/or counsel of record by operation of the Court's electronic filing system on all counsel of record.

                                       /s/ Sylvia A. Goldsmith
                                       Sylvia A. Goldsmith, Esq.

                                       *Attorney for Plaintiff*
                                       *Amber J. Cramer*