UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMBER J. CRAMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-1078 CAS ) |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Amber Cramer's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Doc. 103. Defendant Bay Area Credit Service, LLC opposes the motion and it is fully briefed. For the following reasons, the motion will be denied.

**I.    Background**

On July 2, 2018, plaintiff filed a six-count complaint against defendants Equifax Information Services, LLC ("Equifax"), Bay Area Credit Service, LLC ("Bay Area"), and Consumer Collection Management, Inc. ("CCM") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, et seq. On January 28, 2019, plaintiff filed a joint stipulation of dismissal with prejudice as to defendant CCM. Docs. 41, 42. On June 18, 2019, plaintiff filed a stipulation of dismissal with prejudice as to defendant Equifax, which the Court construed as a motion for leave to voluntarily dismiss with prejudice and granted. Docs. 68, 70.

On August 9, 2019, defendant Bay Area filed a motion for summary judgment seeking dismissal of plaintiff's two remaining claims brought under the FDCPA (Count II) and FCRA (Count IV). Doc. 76. On October 15, 2019, the Court granted defendant Bay Area's motion for summary judgment and dismissed the case. Docs. 100, 101. Plaintiff filed the instant motion to alter or amend judgment pursuant to Rule 59(e), Fed. R. Civ. P., as to this Court's dismissal of plaintiff's claims under the FCRA. Doc. 103. Plaintiff does not seek to alter this Court's dismissal of plaintiff's FDCPA claims.

## II.     Legal Standard

The Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence" that was not available prior to entry of judgment. Innovative Home Health Care, 141 F.3d at 1286 (internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care, 141 F.3d at 1286)).

**III.     Discussion**

Plaintiff alleged Bay Area violated the FCRA by willfully or negligently failing to investigate her dispute of an alleged $792 debt owed to American Medical Response ("AMR"), after Bay Area received an Automated Consumer Dispute Verification ("ACDV") from Equifax reflecting that the AMR debt was disputed due to identity theft. Doc. 1, ¶¶ 92-97. Plaintiff further alleged Bay Area violated the FCRA, revealing a "conscious disregard" of her rights, by failing to modify, delete, or block the reporting of the disputed information. Id., ¶ 97.

In its motion for summary judgment, Bay Area argued plaintiff's FCRA claim failed as a matter of law because it conducted an acceptable investigation of the AMR dispute, flagged the debt as disputed, and took no further collection efforts. Bay Area stated it did not completely remove the debt from its reports because plaintiff's identifying information – name, social security number, and date of birth – matched the information on the debt as sent to it by its client, AMR. Bay Area supported its argument by citing to the Federal Trade Commission ID Theft Affidavit ("FTC Affidavit") and police report it received from Equifax, which stated plaintiff did not authorize debts owed to St. Alexis Hospital and SLU Hospital. Neither the FTC Affidavit nor the police report mentioned the AMR debt as a disputed debt. Bay Area further explained that it continued to report the AMR debt because it was "unable to definitely determine" whether plaintiff was the victim of identity theft and "did the best it could" by reporting the AMR debt as disputed so it would no longer affect plaintiff's credit score. Doc. 97 at 5.

The Court held Bay Area did not willfully or negligently fail to investigate plaintiff's AMR credit dispute for identity theft because Bay Area reported the AMR debt as disputed within five days of receiving notification of the dispute from Equifax. The Court found Bay Area complied with

3

FCRA Section 15 U.S.C. § 1681i, which provides that inaccurate or unverifiable information must either be modified, deleted, or blocked.  The Court found Bay Area's modification of the debt by adding a dispute flag evidenced that it performed a reasonable investigation.

In the instant motion to alter or amend judgment, plaintiff argues the Court should amend its judgment for two reasons: (1) the conclusion that Bay Area conducted a reasonable investigation "contradicts established case law;" and (2) the incorrect standard of "conscious disregard" was applied in analyzing whether Bay Area wilfully violated the FCRA.

**A. Bay Area's Investigation of Plaintiff's AMR Debt Dispute**

Plaintiff cites to three cases, Ball v. Navient Solutions, LLC, 2018 WL 1413393 (M.D. Ala. Jan. 19, 2018), Gray v. Amsher Collection Services, Inc., 2019 WL 2142492 (D. Md. May 15, 2019), and Long v. Pendrick Capital Partners II, LLC, 374 F.Supp.3d 515 (D. Md. Mar. 18, 2019), to support her position that the Court incorrectly determined Bay Area's investigation of the debt dispute was reasonable.  Ball, Gray, and Long were not included in plaintiff's memorandum in opposition to Bay Area's motion for summary judgment even though they were published cases at the time plaintiff filed her opposition.  A motion to amend or alter judgment pursuant to Rule 59(e), Fed. R. Civ. P., "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Metropolitan St. Louis Sewer Dist., 440 F.3d at 933.

Even if the Court considered these non-binding cases from other districts as appropriate support for the instant motion, Ball and Long are distinguishable because they involve facts where the credit furnisher *verified* the debt.  Bay Area did not verify the debt after receiving the ACDV from Equifax.  To the contrary, Bay Area *modified* the debt to reflect the dispute, which is one of

three available actions a credit furnisher may take after performing an investigation. See Doc. 100 at 17 ("after receiving information of a dispute, the furnisher has a duty to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and either '(i) *modify that item* of information; (ii) delete that item of information; *or* (iii) permanently block the reporting of that item of information.'" (quoting 15 U.S.C. § 1681i) (emphases added). Gray is also distinguishable because in that case "[n]o evidence exist[ed] that [defendant] investigated the allegations of fraud." Gray, 2019 WL 2142492, at *4. The Court will not alter or amend its judgment based on plaintiff's citation to Ball, Gray, or Long. Plaintiff has not presented any evidence to show that Bay Area verified the AMR debt. To the contrary, the evidence reflects that Bay Area performed a reinvestigation and promptly marked the AMR debt as disputed.

The material facts show that Bay Area reviewed plaintiff's personal identifiers along with the ACDV and its supporting documents, which included an FTC Affidavit and a police report. Although plaintiff's cover letter to Equifax stated it was her intention to also dispute the AMR debt, none of the supporting documents to the ACDV referenced the AMR debt, which is the critical fact distinguishing this action from all of the cases plaintiff cited in her instant motion as well as the cases she previously cited in her motion in opposition to summary judgment. The FTC Affidavit disputed a $6,083 debt owed to St. Alexis Hospital and a $276 debt owed to SLU Hospital. (Doc. 95-18, at 6-15, 41-42). The ACDV included redacted medical records from St. Alexis Hospital and a Columbia, Missouri Police Department Offense Report naming St. Louis University Hospital as the place the identity theft occurred. (Id., at 20-40). The summary judgment record lacked any specific supporting documentation, such as an FTC ID Theft Affidavit, police report, or other, identifying the AMR debt as disputed. However, despite the lack of any supporting documentation

specifically identifying the AMR debt as disputed, Bay Area flagged the debt as disputed, which the Court found to be an appropriate response after Bay Area performed a reasonable investigation.

### B. Willful Violation of the FCRA

Plaintiff argues the Court applied the wrong standard in analyzing plaintiff's claim against Bay Area for its allegedly willful violation of the FCRA. Plaintiff argues that the standard for determining a willful violation of the FCRA is "recklessness," not "conscious disregard." Plaintiff refers to the Court's opinion, which states in relevant part: "Plaintiff has not produced any evidence suggesting Bay Area acted with a 'conscious disregard' of her rights under the FCRA." Doc. 100 at 16.

Plaintiff's complaint cites the standard as follows: "Bay Area's pattern of refusal to correct patently false information as mandated by the FCRA reveals a *conscious disregard* of the rights of [p]laintiff. The injuries suffered by [p]laintiff are attended by circumstances of . . . willful and wanton misconduct[.]" Doc. 1, ¶ 97 (emphasis added). Plaintiff's memorandum in opposition to Bay Area's motion for summary judgment further asserts:

> To show *willful* non-compliance with the FCRA, [the plaintiff] must show that [the defendant] knowingly and intentionally committed an act in *conscious disregard* for the rights of others, but need not show malice or evil motive. *Conscious disregard* under the FCRA involves an objective standard of recklessness, and is defined as action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.

Doc. 93 at 8 (emphasis added) (citations omitted). Defendant's summary judgment memorandum also stated that for an FCRA violation to be "willful," a defendant must either knowingly or recklessly violate the law. Doc. 77 at 11. Thus, the appropriate legal standard was not in dispute on summary judgment.

The Court's Memorandum and Order stated in pertinent part:

> To show willful noncompliance with the FCRA, a plaintiff must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of others. Plaintiff has not produced any evidence suggesting Bay Area acted with a "conscious disregard" of her rights under the FCRA.

Doc. 100 at 16 (citations omitted). Thus, the Court explicitly found no evidence of a "conscious disregard" of plaintiff's rights under the FCRA, though the language used in the Memorandum and Order did not set forth the definition of "conscious disregard," i.e., recklessness.

Reckless conduct under the FCRA includes actions that involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68 (2007). A company subject to the FCRA "does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69.

The rationale set forth in the Memorandum and Order explaining the Court's decision indicates it considered whether Bay Area's conduct was intentional or reckless. The Court's conclusion that Bay Area did not act with a "conscious disregard" of plaintiff's rights – and thus that it acted neither intentionally nor recklessly – was based on its evaluation of the undisputed facts that Bay Area matched plaintiff's personal identifiers to the debt after receiving the ACDV, and "reported the AMR debt as disputed shortly after receiving the dispute letter from Equifax." Doc. 100 at 17; see Def.'s Aff., Doc. 79-8, ¶ 7 ("In response to Plaintiff's dispute in November 2017 via the Credit Bureau's e-OSCAR system, [Bay Area] followed its typical procedure and determined that the name, social security number and date of birth of the debtor provided to [Bay Area] by AMR matched that of Plaintiff.").

As discussed above, modifying a debt to indicate that it is disputed is one of the three actions a credit furnisher is authorized to take under the FCRA *after* performing an investigation, which in this case included a review of the ACDV that had no supporting documents referencing the allegedly fraudulent AMR charge. See Doc. 79 at ¶¶ 20-24 (Bay Area reviewed the ACDV but the supporting documentation involved debts allegedly owed to St. Alexis Hospital and SLU Care, not AMR). The fact that Bay Area took one of the three actions authorized by the statute, despite not being able to definitely determine whether the AMR debt was valid, evidenced that it performed a reasonable investigation and did not act in conscious disregard, willfully or recklessly, in violation of plaintiff's rights.

The Court's decision was also based on a persuasive, non-binding decision from another district, King v. Asset Acceptance, LLC, 452 F. Supp. 2d 1272, 1280 (N.D. Ga. 2006), which held that a furnisher's continued report of an account does not evidence a willful violation of FCRA rights when there is no evidence of a furnisher's refusal to investigate, withhold information, or report knowingly inaccurate information. Doc. 100 at 17; cf., Howell v. Equifax Info. Services, LLC, 2017 WL 76892, at *5 (E.D. Mo. Jan. 9, 2017) ("When a consumer repeatedly disputes information on their credit report and a CRA repeatedly fails to do anything, or repeats the same response unchangingly to no avail, a plaintiff may survive summary judgment as to a 15 U.S.C. § 1681n claim.").

The Court concludes that plaintiff has not shown she is entitled to relief pursuant to Rule 59(e), as she has not established that the Court committed a manifest error of fact or law, that the Court's Order was against the weight of the evidence, or that the Court committed other legal errors

that resulted in a miscarriage of justice. See <u>Maxfield v. Cintas Corp.</u>, 563 F.3d 691, 694 (8th Cir. 2009) (legal standard).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Amber Cramer's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**. [Doc. 103]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of January, 2020.