UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMBER J. CRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1078-SEP |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Bay Area Credit Service, LLC's ("Bay Area") motion for costs as the prevailing party in this suit. Bay Area filed a bill of costs requesting an award of $10,464.57 in costs. Doc. [102]. Plaintiff objects, arguing that granting costs would impose a financial hardship and have a chilling effect on her decision to pursue her rights against Bay Area or any other business in the future. Alternatively, Plaintiff argues some of the costs Bay Area seeks are not recoverable under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). For the following reasons, Bay Area's motion will be granted in part and denied in part.

**I.    Legal Standard**

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987). The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies

of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts.

28 U.S.C. § 1920(1)-(6). The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." *Cowden v. BNSF Ry. Co.,* 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (*quoting Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)).

It is presumed a prevailing party is entitled to costs. *See* Rule 54(d), Fed. R. Civ. P.; *Bathke v. Casey's General Stores, Inc.,* 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* (internal citation and quotation omitted). Pursuant to 54(d), Fed. R. Civ. P. and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232-33, 235 (1964); *Alexander v. National Farmers Org.*, 696 F.2d 1210, 1212 (8th Cir. 1982); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979).

**II.   Discussion**

Bay Area has requested the following categories of costs: fees of the clerk, deposition transcripts, fees for expert witnesses, and photocopies. In support of its bill of costs, Bay Area filed an affidavit and documentation, which the Court has reviewed. Plaintiff filed objections to the bill of costs. Plaintiff first argues the Court should deny Bay Area's motion for costs in its entirety because "[a]ny such award would impose a financial difficulty . . . and have a significant chilling effect on her and future litigants who seek to vindicate their rights under" the FCRA and FDCPA. (Doc. 104 at 3). In the alternative to denying the bill of costs in its entirety, Plaintiff

argues Bay Area should not be allowed to recover the following costs: (1) pro hac vice admission of defendant's attorney Ania Wlodek Moncrief; (2) court reporting services for three depositions; (3) the "Exhibit Management" and "Transcript Services" fees for John Ulzheimer's deposition; (4) photocopying costs in connection with the filing of Bay Area's own motions; and (5) expert witness fees.

### A. Financial Hardship and Chilling Effect

Plaintiff first argues the Court should deny Bay Area's motion for costs because a $10,464.57 judgment would "impose a financial hardship" and "deter her from ever seeking to vindicate her rights again if need be in the future." Doc. [104] at 7. Plaintiff attached to her memorandum in opposition a Declaration restating her arguments against an award of costs, but she did not include any description of her current financial situation.

Despite the strong presumption that a prevailing party is entitled to costs, "the Court has discretion to deny costs to the prevailing party, even in the absence of misconduct by that party." *Bolderson v. City of Wentzville*, No. 4:13-cv-02223 (CEJ), 2016 WL 1449531, at *1 (E.D. Mo. Apr. 13, 2016) (citing *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998); *Hibbs v. K–Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920)). "A losing party's indigency is a factor the court should consider when determining whether to tax costs, and is a valid reason for not awarding them." *Id*. (citing *Lampkin v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003), *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1992)). "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." *Id*. (quoting *Tuggles v. Leroy–Somer, Inc.,* 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted)).

Here, Plaintiff has not provided the Court with any information as to her financial status, such as an affidavit attesting to indigency, a list of debts, bank account information, pay stubs evidencing her income, or a financial statement. Without documentation substantiating Plaintiff's claim of financial hardship, she has not overcome the presumption that costs should be taxed and the Court will not deny Bay Area's motion for costs for the reason of financial hardship. *See Beckley v. St. Luke's Episcopal-Presbyterian Hosps.*, No. 4:17-cv-1369 RLW, 2019 WL 2437957, at *2 (E.D. Mo. June 11, 2019) (rejected plaintiff's financial hardship argument because she "provided no evidence she will suffer severe financial hardship if the Court awards costs" and "[w]ithout any evidence of Plaintiff's alleged financial troubles, the Court has no basis to evaluate Plaintiff's ability to pay.").

Plaintiff further argues that awarding costs would have a chilling effect on her or on other potential plaintiffs' ability to enforce consumer rights. "While taxing costs against a losing party may lead one to pause before filing a lawsuit, Rule 54(d)'s presumption nonetheless evinces a general policy in favor of the practice." *Bolderson*, 2016 WL 1449531, at *1 (quoting *Porter v. McDonough*, Civ. No. 09-2536 (RHK/SER), 2011 WL 821181, at *2 (D. Minn. Mar. 2, 2011)). The Court does not believe that awarding costs in this case will have a chilling effect on potential litigants, as Congress could have exempted consumer-related actions brought under the FCRA and FDCPA from the imposition of costs but did not. *See, e.g., Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 384 (2013) (finding that Congress did not limit a court's discretion under Rule 54(d)(1) to impose costs in a FDCPA case). The Court will not deny Bay Area's motion for costs in its entirety.

### B. Fees of the Clerk

Bay Area seeks $100 for the pro hac vice admission of defendant's attorney Ania Wlodek Moncrief and $43 for certificates of good standing, which its counsel was required to submit in

support of the motion to appear pro hac vice. Plaintiff opposes the $100 request because the "filing fee should be excluded as an unnecessary and duplicative cost" as defendant "elected to retain counsel outside this jurisdiction . . . creating a potential cost that was unnecessary." Doc. [104] at 4. Plaintiff also opposes the $43 request, arguing that obtaining copies of certificates of good standing are not recoverable as fees of the clerk under § 1920.

The Eighth Circuit Court of Appeals has held that pro hac vice fees are recoverable as fees of the clerk under § 1920(1), *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009), but has not addressed certificates of good standing. This Court has held that expenses for certificates of good standing submitted in support of pro hac vice applications are recoverable as costs. *Lift Truck Lease & Serv., Inc. v. Nissan Forklift Corp., N. Am.*, No. 4:12-cv-00153-CAS, 2013 WL 6331578, at *1 (E.D. Mo. Dec. 5, 2013) (citing *Bennett v. Nucor Corp.,* No. 3:04CV00291-SWW, 2012 WL 3962459, at *6 (E.D. Ark. Sept. 10, 2012) (holding the same)). Based on the Eighth Circuit's holding that pro hac vice fees are recoverable under § 1920, the Court finds that fees for certificates of good standing are also recoverable, where Local Rule 12.02(E) requires pro hac vice applicants to submit certificates of good standing in support of their motions.

The Court also rejects Plaintiff's argument that the pro hac vice fees are not recoverable because Ms. Moncrief's admission was unnecessary. In its reply, Defendant asserts that Ms. Moncrief benefitted Bay Area by her lower hourly rate, as her involvement in the case included attendance at a deposition and work in drafting Bay Area's motion for summary judgment and *Daubert* motions. Plaintiff has not submitted any authority to support her argument that pro hac vice fees are not recoverable under § 1920 if the losing party disagrees with the prevailing party's attorney's decision to seek admission.

### C. Depositions

Bay Area seeks $5,162.38 for printed or electronically recorded deposition transcripts, including court reporter attendance fees in three depositions and an Exhibit Management fee for one of the depositions.

#### 1. Court Reporter Fees

Plaintiff opposes the fees sought for the attendance of a court reporter at her own deposition ($240) and at the depositions of Plaintiff's expert witnesses, Dr. Stan Smith ($236.25) and Evan Hendricks ($35.00), arguing that such fees are not allowable costs under § 1920. Contrary to Plaintiff's argument, this Court has held that court reporter attendance fees are taxable costs for the prevailing party. *See Boswell v. Panera Bread Co.*, No. 4:14-cv-01833-AGF, 2016 WL 4415350, at *3 (E.D. Mo. Aug. 19, 2016) (awarding costs for court reporter attendance fees); *Lee ex rel. Lee v. Borders*, No. 4:09CV1977 TIA, 2013 WL 1316985, at *4 (E.D. Mo. Mar. 29, 2013) (same); *Burton v. St. Louis Bd. of Police Comm'rs*, No. 4:10cv1540 TCM, 2012 WL 5392500, at *2 (E.D. Mo. Nov. 5, 2012) (same); *Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878 CAS, 2008 WL 1805639, at *10 (E.D. Mo. Apr. 21, 2008) (awarding costs for court reporter attendance fees because non-prevailing party did not present specific objections that depositions were improperly taken). Thus, the Court will tax the costs of court reporter's attendance fees in the total amount of $511.25, which is included in Bay Area's $5,162.38 request for printed or electronically recorded deposition transcripts.

#### 2. Deposition Transcript and Exhibit Management Fees

Bay Area seeks $1,071.23 for the deposition transcript of John Ulzheimer. Plaintiff argues the $1,013.60 charge for "Transcript Services" should not be taxed against her because the invoice submitted by Bay Area fails to itemize the per page cost of the Ulzheimer transcript.

(Doc. 102-3 at 4). Plaintiff also argues that the $57.60 "Exhibit Management" fee is not recoverable under § 1920.

Under § 1920, a judge or court clerk may tax as costs printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2). As the losing party, Plaintiff bears the burden of overcoming the presumption that Bay Area is entitled to recover the costs associated with obtaining a copy of the Ulzheimer deposition, which is generally an allowable cost. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). The Court has broad discretion to tax costs of depositions that are reasonably necessary to the case and that were not taken purely for investigative purposes. *Smith v. Tenet Healthsystem SL, Inc*., 436 F.3d 879, 889 (8th Cir. 2006) (finding district court does not abuse its discretion in awarding costs for depositions not used at trial); *Zotos v. Lindbergh Sch. Dist*., 121 F.3d 356, 363 (8th Cir. 1997) (same). Absent specific objections that depositions were improperly taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." *Meder v. Everest & Jennings, Inc*., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted).

Plaintiff does not argue that the Ulzheimer deposition was improperly taken. Plaintiff only argues that the invoice Bay Area submitted as documentation contains a "lump sum" charge for "Transcript Services," and that the failure to itemize the per page cost should cause this cost to be denied. The Court disagrees. Plaintiff acknowledges that the Ulzheimer deposition was 273 pages. The invoice submitted by Bay Area included three itemized charges, including one for "Transcript Services" of $1,013.60, a second for "Exhibit Management" of $57.60, and a third for "Delivery and Handling" of $28.00.[1] It is clear that the line item for "Transcript Services" of $1,013.60 is the cost for the transcript copy, which, at 273 pages, works out to

---

[1] Bay Area does not seek to recover the "Delivery and Handling" fee.

approximately $3.71 per page. The other transcript fees in this case range from $3.25 to $4.15 per page. Plaintiff does not argue that any of those rates are unreasonable. *See e.g., Hemminghaus v. Missouri*, No. 4:11 CV 736 CDP, 2013 WL 10256095, at *2 (E.D. Mo. Apr. 10, 2013) (finding $3.75 per page for a deposition transcript a reasonable cost under § 1920). Thus, the Court finds that the invoice is acceptable documentation to support Bay Area's costs associated with obtaining a copy of the Ulzheimer deposition transcript. Bay Area may recover $3.71 per page, totaling $1,013.60. Bay Area may not, however, recover the $57.60 "Exhibit Management" fee because that fee is not explicitly permitted by § 1920, and no cases in this District have found such a fee to be allowable.

### D. Copy Costs

Bay Area seeks $170.20 for photocopies. Plaintiff opposes $123.40 of those requested costs as non-taxable under § 1920 because the disputed fees arose out of the filing of Bay Area's own motions. Specifically, Bay Area requests $123.40 in photocopying fees for providing this Court with courtesy copies of its motions to exclude the testimony of Plaintiff's experts and its motion for summary judgment, including exhibits. Because Senior District Judge Charles A. Shaw, the presiding judge prior to the transfer of this now-closed case to the undersigned, required that parties provide a paper courtesy copy of all dispositive motions and supporting materials, the copies were necessarily obtained for use in the case and their cost will be taxed.[2] *See PNC Bank, Nat. Ass'n v. El Tovar, Inc.*, No. 4:13-CV-1073 CAS, 2014 WL 1648747, at *10 (E.D. Mo. Apr. 23, 2014) (holding that when the Court requires paper courtesy copies, the cost of those copies may be taxed as costs).

---

[2] *See* United States Senior District Judge Charles A. Shaw Requirements, available at https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/cas.pdf. Additionally, Bay Area states that its counsel called Judge Shaw's office to inquire whether the Court would like courtesy copies of its two motions to exclude Plaintiff's experts, as they were not dispositive motions. Due to the length of the filings, which were over a combined 160 pages, the Court instructed counsel to submit paper courtesy copies.

### E. Other Costs

Bay Area seeks to recover the costs for Plaintiff's experts Dr. Stan Smith and Evan Hendricks to appear for depositions: $2,063.50 and $2,925.49, respectively. Plaintiff opposes these costs as non-taxable expert witness fees that Bay Area may not recover under § 1920. Plaintiff argues the taxation of non-court-appointed expert witness costs is limited to the statutory fee and allowances for travel because, under § 1920, a judge may only tax as costs the compensation of *court-appointed* experts and interpreters.

The Eighth Circuit has already addressed Plaintiff's argument and found that, while § 1920 does not authorize an award of expert witness deposition costs, Federal Rule of Civil Procedure 26(b)(4) does permit such an award:

> The district court awarded [Defendant] $975 for costs related to the deposition of expert witness Dr. Micklow. [Plaintiff] claims the district court abused its discretion in granting this award because Dr. Micklow was not a "court appointed" expert as required by 28 U.S.C. § 1920(6). Since Dr. Micklow was not appointed by the district court, we agree that § 1920(6) does not authorize the award of costs related to his deposition. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Nonetheless, Federal Rule of Civil Procedure 26(b)(4)(A) provides that a "party may depose any person who has been identified as an expert whose opinions may be presented at trial," and Rule 26(b)(4)(E) instructs that the district court "must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." Read together, these rules allow for the recovery of witness fees related to the deposition of Dr. Micklow. *Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000).

*Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015); *see also Gierer v. Rehab Med., Inc.*, No. 4:14-CV-1382 CAS, 2018 WL 1397532, at *4 (E.D. Mo. Mar. 20, 2018) (permitting non-court-appointed expert witness costs to be taxed under *Stanley*); *Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.,* 4:14 CV 1469 CDP, 2016 WL 3443574, at *3 (E.D. Mo. June 23, 2016) (same). Therefore, these costs will be taxed.

### III. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Bay Area's motion for bill of costs. To summarize, the Court will order the following costs taxed:

Fees of the Clerk: $143.00

Fees for printed or electronically recorded transcripts: $5,104.78

Fees for exemplification and copies: $170.20

Other Costs (Expert Witness Depositions): $4,988.99

Total costs taxed: $10,406.97

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bay Area Credit Service, LLC's motion for costs as the prevailing party in this suit is **GRANTED** in part and **DENIED** in part as set forth above. Doc. [102]

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in favor of Defendant Bay Area Credit Service, LLC, and against Amber Cramer in the amount of Ten Thousand Four Hundred Six Dollars and Ninety-Seven Cents ($10,406.97).

Dated this 24th day of February, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE